IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOWARD RECK,                )
                            )
         Plaintiff,         )
    v.                      )  Civil Action No. 10-0529
                            )
BERKSHIRE LIFE INSURANCE COMPANY )
OF AMERICA,                 )
                            )
         Defendant.         )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                              January 31, 2011

This is a breach of insurance contract and bad faith action. Plaintiff, Howard Reck, alleges that defendant, Berkshire Life Insurance Company of America ("Berkshire"), violated Pennsylvania's Bad Faith Insurance statute, 42 Pa. C.S. § 8371 et seq., by failing to pay total and residual disability claims covered by his disability insurance policy. He further contends that Berkshire breached the insurance contract by denying such coverage. Reck seeks to recover compensatory damages, consequential damages, and attorney's fees and costs.

On December 8, 2010, Reck was indicted in the United States District Court for the Western District of Pennsylvania on charges of wire fraud in violation of 18 U.S.C. § 1349. He has filed the following motions in this case: (1) motion for stay of civil proceedings, or in the alternative, to discontinue the case, without prejudice, until the criminal proceedings have concluded [Doc. Nos. 16, 21-22], and (2) an emergency motion for protective

order to prohibit discovery during the pendency of these motions. [Doc. No. 23]. Reck contends he should not provide further testimony or defendants should not pursue further discovery as to avoid any undue prejudice against him or self-incrimination in the criminal proceedings [Doc. Nos. 16, 21].

For the reasons set forth below, the plaintiff's motion for stay of civil proceedings, or in the alternative, to discontinue the case, without prejudice, will be denied. The emergency motion for protective order will be denied as moot.

I. FACTUAL BACKGROUND

The parties are well-versed in the factual and procedural background of this action. The following is a brief summary of the relevant issues related to the instant motion. We will discuss additional facts throughout the memorandum, where applicable.

On or about January 23, 2008, plaintiff, Howard Reck, was injured in a car accident. The accident caused injuries to Reck's spine and associated muscles and joints. At all relevant times, Reck had an individual disability policy with Berkshire, which provided coverage for total and residual disability. [Doc. No. 1, Ex. 8]. Reck purchased the policy in May 2007. [Doc. No. 20].

Following the accident, Berkshire requested information from Reck regarding the accident and his injuries. Reck complied with Berkshire's request. On September 1, 2009, Berkshire denied

Reck's claims for both total and residual disability. Reck contends that denial of the claims is in contravention to the policy.

On or about April 14, 2010, Reck filed suit for breach of contract and bad faith against Berkshire for failure to cover his disability claims. On or about April 26, 2010, this case was removed to the United States District Court for the Western District of Pennsylvania.

On October 28, 2010, this action was mediated pursuant to Local Rule 16.2. [Doc. No. 20, Ex. 1]. Prior to the mediation, Berkshire requested discovery from Reck. Reck provided answers and responses to the discovery; however, the parties refrained from additional discovery in expectation that the mediation would resolve the litigation. [Id.]. The mediation did not resolve this dispute.

On November 22, 2010, Berkshire deposed Reck. During Reck's deposition, Reck's counsel informed Berkshire's counsel that Reck would not be able to complete his deposition because of previous obligations. The parties agreed that Reck's deposition would be continued at a mutually convenient time. [Id.].

On December 8, 2010, Reck was indicted in the United States District for the Western District of Pennsylvania on charges of wire fraud in violation of 18 U.S.C. § 1349 for activities that took place between June, 2005 through December, 2005. He was indicted for overstating the market values of properties that he

appraised, in furtherance of a conspiracy to commit interstate fraud. [Doc. No. 21, Ex. 1].

However, despite his indictment, Reck continued the discovery process, assisting Berkshire's counsel in scheduling depositions of Reck's treating physicians and rescheduling depositions of other witnesses. The parties agreed that these depositions would take place between January 24-28, 2011. [Doc. No. 20, Ex. 1].

Berkshire incurred $700.00 of expenses for subpoenas and related costs. At no time did Reck mention his indictment to defense counsel, nor did he mention the possibility that a stay or discontinuance would be requested. [Id.].

II. STANDARD OF REVIEW

A district court has broad discretion to stay proceedings as an incident to its power to control its own docket. Landis v. North American Co., 299 U.S. 248, 254 (1936). Staying a case is an extraordinary measure and criminal defendants have no generalized due process right to stay proceedings in a related civil action. United States v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994); De Vita v. Sills, 422 F.2d 1172, 1181 (3d Cir. 1970). A party seeking a stay bears the burden of establishing that a stay is needed. Landis, 299 U.S. at 255.

In deciding how to exercise its discretion, a court must initially assess to what extent the issues in the criminal and

civil cases overlap, and consider the status of the criminal case, including whether the defendants have been indicted. See In re Derivative Litig., No. 06-2964, 2007 WL 1101276, at *1 (E.D. Pa. Apr. 11, 2007). Then, the court is to weigh the following factors: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc., 87 F.R.D. 53, 56 (E.D. Pa. 1980).

III. DISCUSSION

In his motion to stay or discontinue the civil proceedings, Reck states that he believes it is advisable that he not provide further testimony or discovery in this case. He contends that because he was indicted for his duties as an appraiser and the civil case focuses on his ability to perform the very functions of a real estate appraiser, the issues substantially overlap. Reck also asserts that he assumed Berkshire knew of his indictment, as it was highly publicized. Additionally, he contends that the decision to request a stay did not occur until December

5

30, 2010, after Reck was able to discuss the matter with his defense counsel.

Berkshire responds that the case is close to completion. The following has occurred: (1) the pleadings have been filed and closed, (2) the parties have made their initial Rule 26 disclosures, (3) the parties have mediated the dispute, (4) written discovery has been exchanged, and (5) witnesses have been deposed. By Court Order, fact discovery is due to close on January 31, 2011. Berkshire contends that the remaining witnesses' testimony will not prejudice Reck in his criminal matters. Berkshire also asserts that it has already incurred expenses and expended human resources in adjudicating this case that would be wasted if the court would allow a stay or discontinuance.

Due to Reck's indictment, the status of the criminal case weighs in favor of granting Reck a stay. However, all the other Golden Quality factors weigh in favor of denying Reck's request for stay for the following reasons.

First, there is a high interest for the parties to proceed expeditiously. The discovery stage of the case has concluded and all that remains are dispositive motions and preparation for trial. Reck has already testified that important business records were destroyed during the pendency of this litigation. [Doc. No. 20, Ex. 4]. Thus, it is in the parties' best interest to resolve this civil matter without delay in order to

6

prevent any potential erosion of witnesses' memories or further loss of potential discovery.

Second, based on the arguments presented, Reck's burden of moving forward with the civil litigation without delay is minimal. The indictment pertains to activities from June, 2005 through December, 2005; in contrast, Reck purchased the disability policy at issue from Berkshire in May 2007. Reck has offered few additional facts from which the court can determine the impact of the indictment on the civil case. Further, we agree with Berkshire that the alleged threat to Reck's Fifth Amendment rights is speculative, particularly now that discovery is close to completion. In the event Reck is faced with the prospect of self-incrimination in later testimony, he could refuse to answer questions that might inculpate him.

Reck also withheld pertinent information regarding his indictment from Berkshire, while still continuing to participate in the discovery process. Reck's counsel also did not make a disclosure to opposing counsel that his client had been indicted and that his indictment could potentially lead to a request for a stay or discontinuance. Thus, it would be unfair to allow one party's failure to disclose pertinent information to burden the other party.

Third, both this court and the public have a greater interest in moving forward with the civil matter rather than

allowing a stay for an indeterminate amount of time. Courts have an interest in judicial efficiency and "[t]he public has an interest in prompt resolution of civil disputes, and in not allowing those being investigated for criminal wrongdoing to avoid their civil obligations." Int'l Fidelity Ins. Co. v. Podlucky, No. 07-0235, 2007 WL 2752139, at *3 (W.D. Pa. Sept 19, 2007).

Accordingly, we will decline to exercise our discretion to stay or discontinue, without prejudice, the pending civil matter.

IV. CONCLUSION

For the foregoing reasons, we hold that plaintiff's criminal indictment is not a sufficient basis for the extraordinary remedy of a stay of the pending civil matter. As such, we will deny plaintiff's motion for stay of civil proceedings, or, in the alternative, his motion to discontinue, without prejudice. Thus, the emergency motion for protective order will be denied as moot.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOWARD RECK, )
)
Plaintiffs, )
v. ) Civil Action No. 10-0529
)
BERKSHIRE LIFE INSURANCE COMPANY )
OF AMERICA, )
)
Defendants. )

ORDER

AND NOW, this 31st day of January, 2011, upon consideration of plaintiff's motion for stay of civil proceedings [Doc. No. 16], or in the alternative, motion to discontinue proceedings, without prejudice [Doc. No. 22], IT IS HEREBY ORDERED that the motion is DENIED. Plaintiff's Emergency Motion for Protective Order [Doc. No. 23] is DENIED as moot.

BY THE COURT:

_____, C. J.

cc: All Counsel of Record